UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X

GAVIN B. EDWARDS,

                                             Plaintiff,

              -against-

THE CITY OF NEW YORK; DETECTIVE DIMITRAKAKIS, SHIELD # 1793; P.O. JOHN DOES # 1-4; the individual defendants sued individually and in their official capacity,

                                             Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

       1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988 for the defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

       2.      Mr. Edwards' complaint stems from incident(s) that began on or about November 9, 2011 and continued until on or about March 5, 2013. During the incident(s), Mr. Edwards was subjected to false arrest, unlawful search and seizure, excessive force, an unlawful strip-search, malicious prosecution, and a denial of his constitutional, civil, and common law rights.

       3.      This complaint, arising from these outrageous and unlawful acts, seeks compensatory and punitive damages, costs, disbursements, and attorneys' fees pursuant to applicable federal civil rights law.

## JURISDICTION & VENUE

4. This action arises under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that, *inter alia,* the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

7. The plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

8. Plaintiff Gavin Edwards is a citizen of the United States and a resident of Kings County.

9. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation organized under the laws of the State of New York.

10. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitution and laws of the United States and the State of New York.

11. At all relevant times herein, defendant Dimitrakakis was employed as a police officer by the NYPD and was acting in the capacity of agent, servant, and employee of the City.

12. At all relevant times herein, defendant Dimitrakakis held the rank of detective.

13. At all relevant times herein, defendant Dimitrakakis' shield number was 1793.

14. At all relevant times herein, defendant P.O. JOHN DOES #1 through #4 were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

15. Plaintiff is unable to determine the actual names of P.O. John Does #1 through #4 at this time and thus sues them under fictitious names.

16. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

Arrest and Prosecution Facts

17. On or about November 9, 2011, at approximately 7:50 p.m., plaintiff Gavin Edwards was lawfully at and in the vicinity of East New York Avenue and Sackman Streets, Brooklyn, New York.

18. Upon information and belief, on November 9, 2011, Defendants Dimitrakakis, and P.O. John Does #1 through #4 were part of a police team that was working from the 73rd Precinct, located in Brooklyn, New York.

19. At that time and place and without any probable cause to do so, one of the defendant officers came up to Mr. Edwards and detained him. Mr. Edwards was not free to disregard the defendant officer's questioning or leave the scene.

3

20. Thereafter, Mr. Edwards was subjected to an unlawful search and seizure when the defendant officers, without either consent, an arrest warrant, a valid search warrant, probable cause, or reasonable suspicion that plaintiff (or any third party) had committed a crime detained plaintiff, searched him, and placed excessively tight handcuffs about his wrists.

21. Mr. Edwards was thereafter taken to the 73rd Precinct, located in Brooklyn, New York where he was subject to the NYPD's unlawful policy of strip-searching individuals regardless of probable cause, reasonable suspicion, or the charges alleged against the detainee.

22. Upon information and belief, this strip search was carried out in an unlawful manner because it was in the presence of unnecessary NYPD staff and/or other prisoners.

23. Each of the defendant officers were present during, and participated in, Mr. Edwards' arrest and detention.

24. Mr. Edwards complained to the defendant police officers that the handcuffs were excessively tight and that he needed them to be loosened. The defendant police officers ignored Mr. Edwards' pleas to loosen the cuffs.

25. Following a detention of approximately 9 hours, Mr. Edwards was released with a desk appearance ticket.

26. The NYPD has formal policies, contained in its Patrol Guide, by which it authorizes strip searches to be carried out in a private manner.

27. This notwithstanding, on information and belief, the NYPD has, and had at the time of the incident giving rise to this Complaint, a *de facto* policy and practice of strip searching prisoners in manners other than those specified in the Patrol Guide or NYPD directives.

28. Upon information and belief, while Mr. Edwards was awaiting arraignment, the officers who arrested him, acting in concert, and pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that Mr. Edwards had committed various crimes, and based on the officers' false allegations, the Kings County District Attorney's Office prosecuted Mr. Edwards in Court under Criminal Docket #2011KN096847.

29. Thereafter, all charges were dismissed and sealed against Mr. Edwards on March 5, 2013.

30. Mr. Edwards was required to appear in Court for approximately sixteen months to defend himself against the false allegations.

31. The above-stated malicious prosecution was initiated without probable cause to believe that the prosecution would be successful and without regard to Mr. Edwards' innocence.

32. The above-stated malicious prosecution was initiated with malice because it was not based upon probable cause.

33. The above-stated malicious prosecution terminated in Mr. Edwards' favor on March 5, 2013 when the charges were dismissed and sealed against him.

34. The above-stated malicious prosecution caused a significant post-arraignment liberty restraint on Mr. Edwards, namely the 16 months he was required to defend himself against the false allegations.

## NOTICE OF CLAIM

35. Notice of Claim was filed in this matter on or about May 23, 2013.

36. A hearing pursuant to General Municipal Law § 50-H was held on October 3, 2013.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 AGAINST ALL DEFENDANTS)

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38. By reason of the foregoing, and by falsely arresting Mr. Edwards, unlawfully searching and seizing him, exerting excessive force against him, unlawfully strip searching him, maliciously prosecuting him, and/or exhibiting deliberate indifference to Mr. Edwards' rights by not acting on information which indicated that unconstitutional acts were occurring, the individual defendants deprived Mr. Edwards of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

39. The individual defendants acted at all relevant times hereto willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury and pain and suffering to Mr. Edwards that shocks the conscience. As a direct and proximate result of these violations, Mr. Edwards' constitutional rights, he suffered the damages hereinbefore alleged.

40. The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers, agents, employees, and/or contracted personnel. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Said defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Edwards of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

41. Defendant City, through NYPD, through its officers and employees, acting under the pretense and color of law, permitted, tolerated, and were deliberately indifferent to a pattern and a practice of abuse and neglect by its officers, employees, agents, and contracted personnel at the time of Mr. Edwards' mistreatment. This widespread tolerance of abuse and neglect constituted municipal and corporate policy, practice, and custom, and was a proximate cause of Mr. Edwards' mistreatment, and plaintiff's resultant damages, hereinbefore alleged.

42. At all times material to this complaint, the defendant City, acting through the NYPD and the individual officer defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise, or discipline said defendants.

44. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which Mr. Edwards was abused and neglected, the City has deprived Mr. Edwards of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

45. As a direct and proximate result of the misconduct and abuses of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, disbursements, and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York  
               November 10, 2014

/s Michael P. Kushner  
_____

Michael P. Kushner, Esq.  
KUSHNER LAW GROUP, P.L.L.C.  
16 Court Street, Suite 2901  
Brooklyn, New York 11241  
(718) 504-1440  
mk@kushlawgroup.com